## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERRI SHELTON,<br>            Plaintiff<br>            v.<br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>            Defendants. | Civil Action No. 21-1214 (CKK) |

## MEMORANDUM OPINION
(March 14, 2022)

Plaintiff Terri Shelton ("Plaintiff" or "Shelton"), *pro se*, brings this employment discrimination action against, among others, her former employer the Federal Bureau of Investigation ("FBI").  Defendants move for dismissal of Plaintiff's complaint on five grounds: (1) Plaintiff filed her complaint after the statute of limitations elapsed and she is not entitled to equitable tolling, (2) Plaintiff failed to cooperate with the Equal Opportunity Employment Commission's ("EEOC") investigation; (3) Plaintiff fails to state a claim for retaliation; (4) Plaintiff fails to state a claim for a hostile work environment; and (5) Plaintiff fails to state a claim for a violation of the District of Columbia Human Rights Act ("DCHRA").  Because the Court agrees that equitable tolling is not applicable to this case, and upon consideration of the briefing,[1] the relevant legal authorities, and the entire record, the Court shall **GRANT** Defendants' [10] Motion to Dismiss.

---

[1] The Court's consideration has focused on:
- Defendant's Motion to Dismiss, ECF No. 10 ("Motion" or "Mot.");
- Plaintiff's Response to Defendant' Motion to Dismiss, ECF No. 12 ("Opp.");
- Defendant's Reply Memorandum in Support of its Motion to Dismiss, ECF No. 13 ("Repl."); and
- Plaintiff's Complaint, ECF No. 1 ("Compl.").

In an exercise of its discretion, the Court declines to hold oral argument in this case.

# I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's complaint.  The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).  Further, because Plaintiff proceeds in this matter *pro se*, the Court must consider not only the facts alleged in Plaintiff's Complaint, but also the facts alleged in Plaintiff's Opposition to Defendant's Motion to Dismiss.[2]  *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss") (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("the Court, as it must in a case brought by a *pro se* plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss.").  The Court recites only the background necessary for the Court's resolution of the pending motion to dismiss.

On September 9, 1990, Plaintiff began working for Defendant FBI.  Compl. at ¶ 12.  At some point in 2010, she filed an EEO complaint, presumably against one of her supervisors, although Plaintiff does not explain the contents of that complaint.  *See id.* at ¶ 13.  By 2016, Plaintiff was a "Management and Program Analyst," reporting to Supervisory Special Agent Eujung Nam ("Nam").  *See* Compl. at ¶ 16; *Hui*, 2020 WL 5657007 at *1.  At that time,

---

[2]  Defendants cite frequently to the EEOC decision dismissing Plaintiff's EEOC complaint.  *E.g.*, Repl. at 5, (citing *Hui E. v. Barr*, 2020 WL 5657007 (EEOC Aug. 31, 2020)).  Because this Court's review is *de novo*, *Seneca v. Price*, 257 F. Supp. 3d 95, 98 (D.D.C. 2017) (RDM), the Court does not rely on the EEOC decision for dispositive factual determinations.  The Court does, however, refer to the decision for helpful background on this matter.

Plaintiff's superiors had become dissatisfied with her work and placed Plaintiff on a "Performance Improvement Plan." *See* Compl. at ¶ 19. The complaint alleges that, at that time, Nam began to subject Plaintiff to various kinds of workplace abuse. Compl. at ¶ 32. In relevant part, these allegations include: (1) "yelling at Plaintiff with her fist balled up as if [Nam] was going to attack Plaintiff," Compl. at ¶ 33; (2) "becom[ing] irate and sp[eaking] of Plaintiff in a negative tone" after "Plaintiff couldn't locate missing information for a nightly report," Compl. at ¶ 37; (3) Nam telling Plaintiff that Nam "didn't like [Plaintiff's] nationality, her mother nor her child," Compl. at ¶ 44;" and (4) "lung[ing] at [Plaintiff] with [Nam's] fist balled up twice, her service weapon tucked in the rear of her pants unsecured on a belt buckle or holster," Compl. at ¶ 57. On June 1, 2017, Plaintiff's employment was terminated for poor work performance. *See* Compl. at ¶ 65; *Hui*, 2020 WL 5657007 at *4.

Just under a month before her termination, Plaintiff filed an EEOC complaint alleging that she had been subjected to a hostile work environment and discrimination on the basis of sex, race, disability, and the 2010 EEO complaint. *Hui*, 2020 WL 5657007 at *1. On February 9, 2019, the EEOC administrative law judge ("ALJ") ordered the parties to attend a teleconference on February 14, 2019. The ALJ's order was sent to Plaintiff's email and mailing address of record. The ALJ emailed Plaintiff the conference line on February 13, 2019. *Id.* at *5. Plaintiff failed to appear and the ALJ ordered Plaintiff to submit a formal response explaining her failure to appear, the order again sent to her email and mailing address of record. *Id.*

On February 19, 2019, Plaintiff's purported legal representative acknowledged receipt of the orders on Plaintiff's behalf, explaining that Plaintiff "rarely checked her email, and the orders were sent to her old address." *Id.* The ALJ responded to Plaintiff's legal representative and ordered Plaintiff to submit a formal response (i.e., more formal that her legal representative's

email to the ALJ).  *Id.*  No response was ever filed, and the ALJ dismissed Plaintiff's

administrative complaint on February 27, 2019.  *Id.*  Plaintiff timely appealed the dismissal to the

EEOC's Office of Federal Operations, and the ALJ's dismissal was affirmed on August 31,

2020.  *Id.* at *10.  Plaintiff filed an administrative motion for reconsideration on November 12,

2020, 35 days late, which was denied on February 16, 2021.  ECF No. 1-1.  Plaintiff does not

contest the timeline of her EEOC complaint, adding only that she was "practically 'homeless'

back in 2019 . . . and internet usage became very limited."  Opp. at 2.  Plaintiff filed the instant

complaint on May 4, 2021.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it

"fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "[A]

complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual

enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient factual allegations that, if

accepted as true, "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556

U.S. at 678.

## III. DISCUSSION

### A.  Timeliness and Equitable Tolling

A Title VII plaintiff must file a civil action in the appropriate District Court "[w]ithin 90

days of receipt of notice of final action taken by a[n] . . . agency."  42 U.S.C. § 2000e-16(c).

This requirement is not jurisdictional; "rather[,] [it] operates as a statute of limitations and is an

affirmative defense that can be raised in a pre-answer dispositive motion." *Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 170 (D.D.C. 2011); *see also Smith v. Dalton*, 971 F. Supp. 2d 1, 2-3 (D.D.C. 1997) (suit filed ninety-one days after final agency action is barred).  This Circuit adds a three-day grace period to this requirement.  *See, e.g.*, *Okereh v. Winter*, 600. F. Supp. 2d 139, 141 (D.D.C. 2009) (citing Fed. R. Civ. P. 6€).  An administrative motion for reconsideration restarts the clock, however, and the clock begins to run anew upon the denial of the motion for reconsideration. *Williams v. Chu*, 641 F. Supp. 2d 31, 37 (D.D.C. 2009).  An untimely motion for reconsideration, however, vitiates the extension of the time to file.  *See Staropoli v. Donahoe*, 786 F. Supp. 2d 384, 395 n.9 (D.D.C. 2011).

Here, Plaintiff's administrative motion for reconsideration was due October 8, 2020; Plaintiff filed 35 days late, on November 12, 2020.  *See* ECF No. 1-1.  As such, the operative deadline for her complaint before this Court was 90 days after the administrative appellate decision on August 31, 2020.  Plaintiff filed her [1] Complaint on May 7, 2021, more than five months late.  Accordingly, the Court must dismiss Plaintiff's complaint unless Plaintiff can show that she qualifies for equitable tolling.

Equitable tolling applies only in "extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988); *Uzoukwu*, 983 F. Supp. 2d at 77.  The Court may only allow equitable tolling where:

> (1) A claimant has received inadequate notice; (2) where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; (3) where the court has led the plaintiff to believe she has done everything required of her; or (4) where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Mondy*, 845 F.2d at 1057 (cleaned up).  Although homelessness is grounds for equitable tolling, a plaintiff must show that their homelessness caused inadequate notice.  *See Davis v. Vilsack*, 880

F. Supp. 2d 156, 162 (D.D.C. 2012); *Holland v. W. Dev. Corp.*, 799 F. Supp. 181, 183 (D.D.C. 1992).  Here, Plaintiff does not explain why her alleged homelessness caused her dilatory behavior.  Indeed, the record establishes that Plaintiff *was* receiving prompt notice of the ALJ's orders, whether from her own email or from her purported legal representative, and did not respond in a timely manner.  Although the Court does not doubt the extreme hardship faced by Plaintiff while unhoused, the law of this Circuit does not permit the extension of equitable tolling to Plaintiff's case.  Accordingly, the Court must dismiss Plaintiff's complaint as untimely.

Although the Court would be entitled to end its discussion here, given Plaintiff's *pro se* status, it shall continue to the merits of Plaintiff's complaint.

## B.  Retaliation

Plaintiff appears to claim that Nam's alleged behavior and Plaintiff's ultimate termination were direct results of her 2010 EEO complaint.  To state a claim for retaliation, the plaintiff "must show (1) that [they] engaged in statutorily protected activity; (2) that the [plaintiff] suffered a materially adverse action by the [plaintiff's] employer; and (3) that a causal link connects the two."  *Howard R.L. Cook & Tommy Shaw Found. ex rel. Black Emps. Of Library of Cong., Inc. v. Billington*, 737 F.3d 767, 772 (D.C. Cir 2013).  As here, claims that rely only on temporal proximity between the protected activity and the adverse action must show that the two events occurred "very close" together.  *Clark Cty. Sch. Dist. V. Breeden*, 532 U.S. 268, 273 (2001) (per curiam).  Although courts vary on what period of time qualifies as "very close," a twenty-month separation between the protected activity and the adverse action is, as a matter of law, not "very close."  *See Jones v. Bernanke*, 557 F.3d 670, 679-80 (D.C. Cir. 2009).  Considering the six-year break between Plaintiff's EEO complaint and termination, Plaintiff's termination claim, as pled, fails as a matter of law.  Accordingly, the Court would have

dismissed Plaintiff's retaliation claim.

### C.  DCHRA Claim

Lastly, Plaintiff appears to claim a violation of the District of Columbia Human Rights Act ("DCHRA").  "Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment," *Bergbauer v. Mabus*, 810 F. Supp. 2d. 251, 258 (D.D.C. 2011) (CKK), and Defendants, all federal agencies, cannot be sued under the DCHRA, *Jordan v. Evans*, 404 F. Supp. 2d 28, 31 (D.D.C. 2005).  Accordingly, Plaintiff's DCHRA claim must be dismissed.

As the Court has concluded that the complaint should be dismissed, and in an exercise of its discretion, the Court need not consider Defendants' remaining arguments.

## IV. CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendant's [10] Motion to Dismiss. An appropriate order accompanies this Memorandum Opinion.

Dated: March 14, 2022

                                        /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge